**Bakhsish SINGH, Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

**No. 14–73466**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 22, 2016

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

John M. McAdams, Jr., OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

#### MEMORANDUM **

Bakhsish Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the

REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Singh's credible fear interview, his supplemental declaration, and his supporting affidavits as to whether he was detained or threatened with detention by police, and Singh's non-responsiveness when asked to explain the discrepancies. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination reasonable under the "totality of circumstances"). We reject Singh's contention that the agency erred by relying in part on his credible fear interview. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir. 2004). We also reject his contentions that the BIA failed to consider his arguments on appeal or ignored evidence. In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and he does not point to any evidence that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the government in India. *See id.* at 740–41. We reject Singh's contention that the BIA failed to analyze his claim properly. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (the BIA adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.